UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILMINGTON TRUST, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB67,

    Plaintiff,

-against-

1738 EAST 4TH STREET LLC, ELIE SABBAGH, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint,

    Defendant.

**MEMORANDUM & ORDER**
**23-CV-1270 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are Plaintiff's motions to appoint a receiver for 1738 East 4th Street, Brooklyn, New York (the "Property") and for default judgment of foreclosure and sale of the Property. (Motion to Appoint Receiver (Dkt. 9); Motion for Default Judgment of Foreclosure and Sale (Dkt. 15).) Both motions were referred to Magistrate Judge Robert M. Levy. (*See* ECF Order dated June 16, 2023; ECF Order dated August 22, 2023.)

On September 13, 2023, Judge Levy issued the annexed Report and Recommendation ("R&R") as to both motions. (*See generally* R&R (Dkt. 17).) In this R&R, Judge Levy recommended that the

1

court appoint Ian Lagowitz as receiver of the Property and that the court grant in part and deny in part Plaintiff's motion for entry of a default judgment of foreclosure and sale. No party has objected to Judge Levy's R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014).

Except for Judge Levy's calculation of the total amount due to Plaintiff from the sale of the Property, the court finds no clear error and therefore adopts the R&R in part. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.")

On page 11 of the R&R, Judge Levy confirms that the correct calculation of damages is $1,621,384.49. On page 16, however, Judge Levy seems to erroneously include legal fees when awarding Plaintiff $1,662,923.11 to be paid from the sale of the Property. Finding that this was in clear error, the court modifies this amount to be $1,622,908.14, which includes damages of $1,621,384.49 plus costs of $1,523.65. Accordingly, the court GRANTS Plaintiff's motion for default judgment as to defendant 1738 East 4th Street LLC and awards damages of $1,622,908.14 from the proceeds of the sale of the Property.

The court also GRANTS Plaintiff's motion to appoint a receiver/referee and appoints Ian Lagowitz as receiver/referee. Further, the court ORDERS Foreclosure and Sale of the property located at 1738 East 4th Street, Brooklyn, New York. Ian Lagowitz, as receiver/referee, shall effectuate the foreclosure and sale of the Property.

Plaintiff's motion for default judgment as to non-mortgagor defendants Elie Sabbagh and ECB is DENIED. Plaintiff's claims against the John Doe defendants are DISMISSED. Lastly, Plaintiff's request for attorneys' fees is DENIED at this time, but

Plaintiff is granted leave to file a renewed request for attorneys' fees if providing contemporaneous time records within 30 days of this ruling.

Plaintiff is DIRECTED to serve a copy of this order and the R&R on the Defendants at their last known addresses and file proof of service with the court.

SO ORDERED.

Dated: Brooklyn, New York
October 27, 2023

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILMINGTON TRUST, N.A., AS TRUSTEE
FOR THE REGISTERED HOLDERS OF
CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.,
MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2019-SB67,
                                                                        REPORT AND
                        Plaintiff,                                      RECOMMENDATION
            -against-                                                   23 CV 1270 (NGG)(RML)

1738 EAST 4TH STREET LLC,
ELIE SABBAGH, THE CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, and
JOHN DOE NO. I THROUGH JOHN
DOE NO. XXX, INCLUSIVE, THE LAST THIRTY
NAMES BEING FICTITIOUS AND UNKNOWN
TO PLAINTIFF, THE PERSONS OR PARTIES
INTENDED BEING THE TENANTS,
OCCUPANTS, PERSONS, OR CORPORATIONS,
IF ANY, HAVING OR CLAIMING AN INTEREST
OR LIEN UPON THE PREMISES
DESCRIBED IN THE COMPLAINT,

                        Defendants.
----------------------------------------------------------------X
```
LEVY, United States Magistrate Judge:

Plaintiff Wilmington Trust N.A., as trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Multifamily Mortgage Pass Through Certificates, Series 2019-SB67 ("lender" or "plaintiff"), moves for the appointment of a receiver for the property at issue in this case, 1738 East 4th Street, Brooklyn, New York (the "Property"). (Motion to Appoint Receiver, filed Mar. 16, 2023 ("Mot. to Appoint"), Dkt. No. 9.) Plaintiff also moves for default judgment and sale of the Property. (Motion for Default Judgment of Foreclosure and Sale, filed June 16, 2023 ("Default Mot."), Dkt. No. 15.) For the reasons stated

below, I respectfully recommend that a judgment of foreclosure and sale be entered as to the Property and that Ian Lagowitz be appointed receiver of the Property.

### BACKGROUND AND FACTS

Plaintiff commenced this mortgage foreclosure action on February 16, 2023, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301, *et seq*. (Complaint, filed Feb. 16, 2023 ("Compl."), Dkt. No. 1.)  A lis pendens was filed in the Kings County Clerk's Office on March 1, 2023.  (Default Mot. at 4.)  Plaintiff, a citizen of Delaware, is the owner of a pool of mortgage loans, including the loan that is the subject of this lawsuit. (Compl. ¶¶ 8, 9.)  Defendant 1738 East 4th Street LLC ("borrower") is organized and located in Brooklyn, New York.  (Id. ¶ 2.)  Defendant Elie Sabbagh ("guarantor") is an individual and citizen of Brooklyn, New York, and the sole member of borrower.  (Id. ¶ 3.)  Defendant City of New York Environmental Control Board ("ECB") is named as a defendant by virtue of any unpaid fines, fees, judgments, or other, which may constitute a lien upon the Property at issue, and which liens are subordinate to the lien of plaintiff's mortgage sought to be foreclosed on. (Id. ¶ 4.)[1]  The amount in controversy exceeds $75,000.  (Id. ¶ 14.)[2]

---

[1] New York City agencies such as ECB are generally not amenable to suit "except where otherwise provided by law."  N.Y.C. Charter § 396.  Section 202-a of the RPAPL, however, expressly contemplates city agencies being named as defendants in actions affecting real property.  See N.Y. REAL PROP. ACTS. L. § 202-a (allowing claims "[w]here a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property[.]").  Therefore, ECB is a suable entity in this action as an agent of the City of New York and is properly named as a defendant herein.  See E. Sav. Bank v. Walker, 775 F. Supp. 2d 565, 567 n.1 (E.D.N.Y. 2011).

[2] Plaintiff has therefore established that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Additionally, the court's exercise of personal jurisdiction over the defaulting defendants is appropriate, as they are citizens of New York and were properly served. Plaintiff properly served 1738 East 4th Street LLC through the New York Secretary of State. (Affidavit of Service of Lawrence Hyman, sworn to Mar. 7, 2023, Dkt. No. 6); see also N.Y.
(Continued . . .)

On or about May 30, 2019, the Federal Home Loan Mortgage Corporation ("Freddie Mac") made a commercial mortgage loan to borrower in the original principal amount of $1,480,000 (the "Loan"), in connection with which borrower executed a Loan Agreement. (Id. ¶¶ 16, 17; see also Loan Agreement, attached as Ex. A to the Compl., Dkt. No. 1-3.) In connection with the Loan, borrower executed and delivered to Freddie Mac a New York Consolidated, Amended and Restated Note in the original principal amount of $1,480,000 dated as of May 30, 2019 (the "Note"). (Compl. ¶ 18; see also Note Allonge, attached as Ex. B to the Compl., Dkt. No. 1-4.) Borrower executed and recorded a Consolidation, Extension and Modification Agreement with the Office of the City Register of the City of New York ("Register") on June 5, 2019 as CRFN 2019000175816 (the "Mortgage"). (Compl. ¶ 19; see also Mortgage, attached as Ex. C to the Compl., Dkt. No. 1-5.)

The Mortgage was assigned by Freddie Mac to plaintiff on October 2, 2019, and recorded with the Register on October 24, 2019 as CRFN 2019000346125 (the "Assignment"). (Compl. ¶ 20; see also Assignment, attached as Ex. D to the Compl., Dkt. No. 1-6.) The Mortgage encumbers the Property, which is a commercial property operating as an apartment building. (Compl. ¶ 21.) Borrower was responsible for making monthly payments consisting of principal and interest on the loan, and for operating, managing, maintaining, and repairing the Property. (Plaintiff's Memorandum in Support of Motion to Appoint Receiver, dated Mar. 16, 2023 (Pl.'s Receiver Mem."), Dkt. No. 9-1, at 2.) Borrower was also required to pay all taxes

---

BUS. CORP. L. § 306(b)(1); N.Y. C.P.L.R. § 311-a(a). ECB was properly served through the New York City Corporation Counsel's office, located at 100 Church Street, New York, N.Y. (Affidavit of Service of Alexander James, sworn to Mar. 6, 2023, Dkt. No. 8); see also N.Y. C.P.L.R. § 311(a)(2). Elie Sabbagh was properly served through "nail and mail" service. (Affidavit of Service of Inna Dvoretska, sworn to Mar. 14, 2023, Dkt. No. 7); see also N.Y. C.P.L.R. §§ 308(4), 312-a(a).

3

when due and before the addition of any interest, fine, penalty, or cost for nonpayment. (Id. at 4.) Borrower has not made a monthly payment to plaintiff since July 2022. (Id. at 2, 4.) Under the terms of the mortgage, borrower expressly agreed that plaintiff is entitled to the appointment of a receiver for the collateral securing the loan if borrower defaults on the loan. (Id. at 2.)[3] On March 16, 2023, plaintiff moved for the appointment of Ian Lagowitz as receiver. (Id.) By order dated August 22, 2023, the Honorable Nicholas G. Garaufis, United States District Judge, referred plaintiff's motion to appoint a receiver to me.

As discussed above, plaintiff has provided proof of service of the summons and complaint on defendants. Defendants have failed to answer or otherwise move with respect to the complaint. Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) as to defendants on April 17, 2023. (See Request for Certificate of Default, filed Apr. 17, 2023, Dkt. No. 12.) On April 27, 2023, the Clerk of the Court noted defendants' default. (See Clerk's Entry of Default, dated Apr. 27, 2023, Dkt. No. 14.) On June 16, 2023, plaintiff moved for default judgment. (See Default Mot.) Judge Garaufis referred plaintiff's motion for default judgment to me on June 16, 2023.

## DISCUSSION

**1. Motion for Default Judgment**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[3] Failing to make debt service payments, pay water and sewer bills, and pay property taxes all constitute "Event[s] of Default" under Section 8.01(a) of the Loan Agreement. (Pl.'s Receiver Mot. at 4-5; see also Loan Agreement § 8.01(a).) Plaintiff alleges that borrower has failed to do all of the above, and currently owes lender over $1.5 million on the Loan. (Pl.'s Receiver Mot. at 5.)

4

otherwise, the clerk must enter the party's default," as it has done here. FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendants and the defendants fail to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). To grant a default judgment, the court must ensure that plaintiff took all the required steps in moving for default judgment, including providing proper notice to defendants of the lawsuit. Here, as explained above, plaintiff has demonstrated that defendants were properly served with the summons and complaint. Plaintiff has also demonstrated that defendants were served with the Motion for Default Judgment and accompanying submissions on defendants in compliance with Local Rule 55.2(c). (See Affirmation of Service of Aaron P. Davis, Esq., dated June 22, 2023, Dkt. No. 16.)

    a. Liability

An entry of default alone is insufficient to establish liability, "since a party in default does not admit mere conclusions of law." Trs. of the Plumbers Loc. Union No. 1 Welfare Fund v. Philip Gen. Constr., No. 05 CV 1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (citation omitted). A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Where a plaintiff moves for default judgment, the court "is required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The court must also "determine whether [plaintiff's] allegations establish [defendants'] liability as a matter of law." Id.

5

*i. Notice*

RPAPL § 1304 provides, in relevant part, that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against [a] borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower" (the "90-day notice") of the debt owed and certain other statutorily prescribed information. See RPAPL § 1304(1). "[P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action[.]" Wells Fargo Bank, N.A. v. Ullah, No. 13 CV 485, 2015 WL 3735230, at *8 (S.D.N.Y. June 15, 2015) (quoting Aurora Loan Servs., LLC v. Weisblum, 923 N.Y.S.2d 609, 616 (2d Dep't 2011)). However, "a commercial mortgage is not entitled to statutory notice of default[.]" Wells Fargo Bank Nat'l Ass'n v. 366 Realty LLC, No. 17 CV 3570, 2021 WL 9494173, at *4, n.6 (E.D.N.Y. Mar. 16, 2021) ("The Property is a multi-unit apartment building. . . . It is therefore not a home loan subject to statutory protection.") (citing Citibank, N.A. v. Crick, 110 N.Y.S.3d 720, 722 (2d Dep't 2019) (categorizing the mortgage loan as commercial instead of a "home loan" subject to statutory notice requirement because the mortgagor did not occupy the mortgaged premises as her principal dwelling)) (citations omitted).

As previously discussed, the Property at issue in this case is a commercial property operating as an apartment building. (Compl. ¶ 21.) Therefore, plaintiff was not required to provide statutory notice of default. Nevertheless, plaintiff has demonstrated that it provided notice to borrower and guarantor that Events of Default had occurred. (Affidavit of Sebastian Esteve in Support of Motion for Judgment and Damages, sworn to June 15, 2023 ("Esteve Aff."), Dkt. No. 15-2, ¶ 17; see also Default Notice, dated Nov. 29, 2022, attached as Ex. 7 to the Esteve Aff. Dkt. No. 15-9.) Then, on January 11, 2023, lender provided notice to

6

borrower and guarantor of its acceleration of all of the indebtedness owed under the Note and other Loan Documents.[4] (Esteve Aff. ¶ 18; see also Acceleration Notice, dated Jan. 11, 2023, attached as Ex. 8 to the Esteve Aff. Dkt. No. 15-10.)

> ii. *Foreclosure and Sale*

"To establish a prima facie case of mortgage foreclosure in New York, a plaintiff must show (1) a mortgage; (2) an unpaid note; and (3) proof of default." 1077 Madison St., LLC v. Smith, 670 F. App'x 745, 746 (2d Cir. 2016) (citation to summary order). If the plaintiff did not originate the loan, it is required to prove its valid and current ownership of the instruments. Miss Jones LLC v. McCormick, No. 16 CV 7129, 2017 WL 4877437, at *2 (E.D.N.Y. Aug. 9, 2017), report and recommendation adopted, 2017 WL 4898278 (E.D.N.Y Oct. 27, 2017). "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case . . . it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." Windward Bora LLC v. Qazi, No. 18 CV 6912, 2019 WL 2374847, at *2 (E.D.N.Y. May 16, 2019).

Here, through its unrebutted allegations and supporting documentation, plaintiff has demonstrated its ownership of a mortgage encumbering the Property, as well as a default beginning in July 2022 and continuing to date. (See Compl. ¶¶ 24-32; see also Mortgage; Note; Assignment; Payment Ledger, attached as Ex. 6 to the Default Mot., filed June 16, 2023, Dkt. No. 15-8.) Accordingly, I find that plaintiff has established its entitlement to foreclosure and sale against borrower and respectfully recommend that default judgment be entered against 1738

---

[4] "Loan Documents" are defined as the Loan Agreement, Note, Mortgage, Guaranty, and all other documents evidencing, securing, or executed in connection with the Loan. (See Compl. ¶ 23.)

7

East 4th LLC. However, for the reasons set forth below, I recommend that entry of default judgment as to the remaining named defendants be denied.[5]

Defendant Elie Sabbagh acted as guarantor but was not a mortgagor. As such, he did not default on the Mortgage and Note. See 358 & 360 Atl. Ave. Holdings, LLC v. 358 Atl. Realty LLC, No. 21 CV 168, 2023 WL 2969297, at *6 (E.D.N.Y. Mar. 1, 2023) ("The Guaranty 'is appropriately enforced in the foreclosure action when the deficiency judgment is sought following the sale,' and by naming [Guarantor] in this action, Plaintiff has preserved its right to seek a deficiency judgment against [Guarantor] after the foreclosure sale.") (quoting Letchworth Realty, LLC v. LLHC Realty, LLC, No. 15 CV 6680, 2020 WL 5361666, at *3 (W.D.N.Y. Sept. 8, 2020)) (citations omitted). Instead, I find that plaintiff has preserved its right to seek a deficiency judgment against Elie Sabbagh following the foreclosure sale.

Plaintiff also seeks default judgment against ECB to terminate its interests in the Property. (See Compl. ¶ 4.) In all proceedings involving real property, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary defendant. RPAPL § 1311(3). Including such parties is important since "the foreclosure action will extinguish the rights of all parties with subordinate interests in the property." Miss Jones, 2017 WL 4877437, at *3. However, in cases where the City of New York or an administrative board thereof is named as a defendant affecting real property, the complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant."

---

[5] Plaintiff requests that John Doe No. 1 through John Doe No. XXX be removed from the caption and that the action be discontinued against them because they were not served with copies of the summons or complaint and are not necessary parties to this action. (See Plaintiff's Memorandum of Law in Support of the Motion for Default Judgment and Sale, dated June 16, 2023, Dkt. No. 15-1, at 5.) I respectfully recommend that this request be granted.

8

RPAPL § 202-a(1). Thus, for a court to grant a default judgment against any city defendant, a complaint should have more than just "bare allegations" that the city entity was necessary because of possible liens encumbering the property. See, e.g., U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Christian, No. 19 CV 427, 2020 WL 3918566, at *5 (E.D.N.Y. Feb. 25, 2020), report and recommendation adopted, 2020 WL 3893015 (E.D.N.Y. July 10, 2020) ("Courts in this circuit have held that boilerplate allegations that an agency is a necessary party defendant due to liens or judgments against the premises are inadequate as a matter of law to establish liability against a city agency in a foreclosure action.") (citing cases).

ECB is a judicial tribunal that operates under the laws of the City of New York; therefore, plaintiff is required to provide detailed facts showing the nature of its interest in the Property. See RPAPL § 202-a. Plaintiff has not met this heightened requirement and instead has only asserted that ECB was named as a defendant by virtue of possible liens. (Compl. ¶ 4.) Accordingly, I respectfully recommend that default judgment against ECB be denied without prejudice. ECB's interest in the Property, if any, will not be extinguished following a foreclosure and sale. See Gustavia Home, LLC v. Lawrence, No. 16 CV 4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), report and recommendation adopted, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017) ("[D]enying plaintiff's motion for default judgments against the ECB and PVB will not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against the ECB and PVB 'simply leaves [their] rights unaffected by the judgment of foreclosure and sale.'") (quoting Glass v. Estate of Gold, 853 N.Y.S.2d 159, 159 (2d Dep't 2008)).

b. Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, 973 F.2d at 158. "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." Griffiths v. Francillon, No. 10 CV 3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations and citations omitted), report and recommendation adopted, 2012 WL 1354481, at *2 (E.D.N.Y. Apr. 13, 2012). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06 CV 1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1992)). "Under Rule 55(b)(2), 'it [is] not necessary for the District Court to hold a hearing' to determine the amount of damages 'as long as it ensured that there was a basis for the damages specified in the default judgment.'" Miami Home LLC v. Viera, No. 18 CV 1398, 2023 WL 5123888, at *6 (E.D.N.Y. Aug. 10, 2023) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

i. *Foreclosure and Sale*

Plaintiff seeks a judgment of foreclosure and sale with the proceeds applied to a total amount owed of $1,662,923.11[6] as of July 1, 2023. (See Esteve Aff. ¶¶ 19, 20.) Plaintiff requests that the Property subject to the mortgage be sold as one parcel and that all personal property which is part of the Property under the Mortgage be sold together in a single, combined

---

[6] This total includes Legal Fees and Costs in the amount of $41,538.62, which will be discussed in the next section.

10

sale. (Id. ¶ 21.) By presenting the Mortgage, Note, and proof of default on those instruments, plaintiff has established a presumptive right to foreclose on the Property, and borrower has not appeared to make any showing to overcome this *prima facie* case. See United States v. Leap, No. 11 CV 11 4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), report and recommendation adopted, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). Furthermore, by virtue of its default, borrower has not objected to plaintiff's calculations, and plaintiff has submitted the requisite documentation for such recovery. The court was able to confirm plaintiff's calculations of damages as of July 1, 2023 totaling $1,621,384.49 as follows:

- Principal in the amount of $1,404,694.22;
- Interest in the amount of $62,807.39;
- Default interest in the amount of $56,812.08;
- Late charges in the amount of $28,488.12;
- Property Advances in the amount of $39,603.51;
- Special servicing fees in the amount of $10,000;
- Prepayment Premium in the amount of $14,046.94;
- Payoff Processing Fee in the amount of $950;
- Interest on Advances in the amount of $3,982.23.

(See Payment Ledger; see also Statement of Damages, attached as Ex. 14 to the Default Mot., filed June 16, 2023, Dkt. No. 15-14.) I therefore recommend that the proceeds of the sale be applied to the total amount owed by borrower, as set forth above. See Christian, 2020 WL 3918566, at *6; see also OneWest Bank, N.A. v. Denham, No. 14 CV 5529, 2015 WL 5562980, at *14 (E.D.N.Y. Sept. 21, 2015) (recommending that the relevant property be foreclosed upon

11

and sold with the proceeds being applied to the outstanding amount owed on the note), report and recommendation adopted, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015).

        ii. *Attorney's Fees and Costs*

Plaintiff requests attorney's fees and costs in the amount of $41,538.62. (See Statement of Damages; see also Declaration in Support of Attorneys' Fees, dated June 16, 2023 ("Davis Decl."), Dkt. No. 15-13.) Plaintiff is entitled to recovery of attorney's fees and costs pursuant to Section 9 of the Loan Agreement. (See id. ¶ 3.) As a threshold matter, the party seeking fees must provide accurate, detailed and contemporaneous attorney time records. See Scott v. City of New York, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam). Instead of providing contemporaneous time records to support the request for attorney's fees and costs, plaintiff's counsel has provided a summary of the services provided and a list of expenses for which reimbursement is sought. (See Davis Decl. ¶¶ 5, 6; see also Statement of Damages.) However, "[t]he absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." United States v. Basile, No. 19 CV 7022, 2023 WL 5152519, at *4 (E.D.N.Y. June 27, 2023). The supporting documentation provided by plaintiff's counsel is not sufficiently detailed to recommend a specific fee award – it does not indicate the attorney(s) and paralegal(s) who performed the work for each task, the amount of time expended on each task, or the requested hourly rates for the services rendered. Accordingly, I recommend that plaintiff's request for attorney's fees be denied at this time, but that plaintiff be granted leave to file accurate, detailed, and contemporaneous time records to support the request for attorney's fees.

As for costs, courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Reichman v.

Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987). Here, plaintiff seeks an award of $1,523.65 in costs. (See Statement of Damages.) Based on a review of the supporting documentation provided by plaintiff's counsel, plaintiff is entitled to recoup the following costs: (1) $402 filing fee; (2) $653.25 fee for paid-for searches pursuant to N.Y. C.P.L.R. § 8301(d); (3) $433.40 fee for service of process; and (4) $35 fee for Notice of Pendency filing. (See Statement of Damages.) I respectfully recommend that plaintiff be awarded $1,523.65 in costs from the proceeds of the sale of the Property. See Home Loan Inv. Bank, F.S.B. v. Lemans Props., LLC, No. 11 CV 1107, 2012 WL 1020430, at *5 (E.D.N.Y. Mar. 2, 2012) (awarding costs incurred by attorney in foreclosure action).

## 2. Motion to Appoint a Receiver

Before filing its motion for default judgment, plaintiff filed a motion to appoint a receiver/referee. (See Mot. to Appoint.) "The threshold inquiry of the Court on a motion to appoint a receiver is whether the mortgage contains a clause authorizing such appointment." NWL Props., Inc. v. 401 E. 89th St. Owners, Inc., No. 95 CV 0085, 1995 WL 221078, at *1 (S.D.N.Y. Apr. 12, 1995). Here, Section 3(c)(ii) of the Mortgage provides:

> if an Event of Default has occurred and is continuing, regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If Lender elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Event of Default has occurred and is continuing, Borrower, by its execution of this Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte* if permitted by applicable law.

(Mortgage ¶ 3(c)(ii).) Thus, the Mortgage clearly contemplates the appointment of a receiver upon a default.

13

New York Real Property Law § 254(10), entitled "Mortgagee entitled to appointment of receiver," provides, in relevant part:

> In mortgages of real property . . . the following or similar clauses and covenants must be construed as follows: . . . A covenant that 'the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that the mortgagee . . . in any action to foreclose the mortgage, shall be entitled, without notice and without regard to adequacy of any security of the debt, to the appointment of a receiver . . . in the event of any default or defaults in paying the principal, interest, taxes . . ."

However, it is well-established that even where "'covenants in mortgages by their terms purport to give an absolute right to the appointment of a receiver, the propriety of such [an] appointment rests in the sound discretion of the Court.'" Ridgewood Sav. Bank v. New Line Realty VI Corp., 897 N.Y.S.2d 672 (Sup. Ct., Bronx Cty. 2009) (quoting Blair v. Donlon, 51 N.Y.S.2d 921, 922 (Sup. Ct., Putnam Cty. 1944)). Consequently, it is within the court's purview to deny the appointment of a receiver, or limit a receiver's power, where appropriate. Id. (citing Friedman v. Gerax Realty Assocs., 420 N.Y.S.2d 247 (Sup. Ct., Nassau Cty. 1979); Chatham–Phenix Nat'l Bank & Trust Co. v. Hotel Park–Central Inc., 261 N.Y.S. 490, 491 (Sup. Ct., N.Y. Cty. 1931)).

Plaintiff argues that a receiver is needed to protect the Property and its tenants, as borrower's continued management of the Property would jeopardize plaintiff's interest and harm the current tenants. (Pl.'s Receiver Mem. at 6, 8.) Plaintiff asserts that the appointment of a receiver is warranted in this case to collect the rental income from tenants; pay utilities, taxes and other operating expenses for the Property; and protect the tenants' right to peaceful possession of the Property pending consummation of the foreclosure. (Id. at 8-9.) Borrower has failed to

14

make monthly debt service payments, pay the water and sewer bill, and pay property taxes for the Property resulting in the possibility of a tax foreclosure. (Id. at 8.) As discussed above, plaintiff has established its presumptive right to foreclose upon the Property due to borrower's default. I further find that appointment of a receiver is necessary to protect plaintiff's interests in the Property. I respectfully recommend appointing a receiver/referee to effectuate the foreclosure and sale of the property and protect it in the meantime.

In its proposed default judgment of foreclosure and sale, plaintiff requests that Anthony W. Vaughn, Jr., Esq. be appointed referee to effectuate the sale of the Property. (See Proposed Default Judgment, attached as Ex. 11 to the Default Mot., Dkt. No. 15-11.) However, in the motion to appoint a receiver/referee, plaintiff requests the appointment of Ian Lagowitz. (See Pl.'s Receiver Mem. at 6, 9.) Additionally, plaintiff's proposed order for the appointment of a receiver specifically contemplates that, if appointed as receiver, Mr. Lagowitz would be "authorized to mark the Property for public or private sale, to prepare the Property for sale, and to clean and rehabilitate the Property in connection with any proposed sale[.]" (Proposed Order for Appointment of Receiver, attached as Ex. B to the Mot. to Appoint, Dkt. No. 9-4, at 4.) Plaintiff has not provided a description of Mr. Vaughn's qualifications but has submitted Mr. Lagowitz's *curriculum vitae*. (See Curriculum Vitae of Ian Lagowitz, attached as Ex. H to the Mot. to Appoint Dkt. No. 9-13.) Mr. Lagowitz has extensive experience acting as a court-appointed receiver, leasing agent, and property manager for multi-family properties in the New York City metropolitan area. (Pl.'s Receiver Mem. at 9.) I therefore recommend that Mr. Lagowitz be appointed receiver/referee for the Property.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that plaintiff's motion to appoint a receiver/referee be granted and that Ian Lagowitz be appointed as receiver. Additionally, I recommend that plaintiff's motion for entry of a default judgment of foreclosure and sale be granted in part and denied in part as follows. I recommend that

a. plaintiff's motion for default judgment be granted as to defendant 1738 East 4th Street LLC;

b. plaintiff's motion for default judgment as to non-mortgagor defendants Elie Sabbagh and ECB be denied;

c. plaintiff's claims against the John Doe defendants be dismissed and that the caption be amended accordingly;

d. Judgment of Foreclosure and Sale of the property located at 1738 East 4th Street, Brooklyn, New York be entered;

e. plaintiff be awarded the account balance sought of $1,662,908.14 from the proceeds of the sale; and

f. plaintiff's request for attorney's fees be denied, but that plaintiff be granted leave to file contemporaneous time records within 30 days of the District Court's ruling on the Report and Recommendation.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Plaintiff is directed to serve copies of this Report and Recommendation on the defaulting

defendants by regular mail, and to file proof of service within ten days of the date of this Report and Recommendation.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      September 13, 2023