UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILMINGTON TRUST, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB67,

Plaintiff,

-against-

1738 EAST 4TH STREET LLC, ELIE SABBAGH, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint,

Defendants.

**MEMORANDUM & ORDER**
**23-CV-1270 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendants' motion to vacate this court's granting default judgment of foreclosure and sale of 1738 East 4th Street, Brooklyn, New York (the "Property"). (*See* Motion to Vacate ("Mot.") (Dkt. 33-10); Plaintiff's Response in Opposition ("Opp.") (Dkt. 34); *see also* R&R (Dkt. 17); Order Adopting R&R (Dkt. 19).) For the reasons discussed herein, this motion is GRANTED. Plaintiff's motion for attorney fees, (Dkt. 25), incurred in relation to the discharge is DENIED as premature.

## I. BACKGROUND

The court assumes familiarity with the underlying facts of this foreclosure action filed on February 16, 2023. (*See* R&R at 2-4 (reviewing the case's background and facts).)

On October 30, 2023, the court adopted Magistrate Judge Robert M. Levy's report and recommendation, which recommended granting in part and denying in part Plaintiff's default judgment motion and appointment of a receiver for the Property. (*See generally* Order Adopting R&R; Order Appointing Receiver (Dkt. 20).) Specifically, the court granted the motion for default judgment against Defendant 1738 East 4th Street LLC ("Defendant LLC" or "Borrower"), appointed Ian Lagowitz as receiver, and denied the motion for default judgment against Defendants Elie Sabbagh and the City of New York Environment Control Board ("ECB"). (Order Adopting R&R at 2.)[1]

Defendant LLC and Defendant Sabbagh ("Defendants") appeared in this case shortly thereafter and sought a pre-motion conference in anticipation of filing a motion to vacate under Fed. R. Civ. P. 55(c) and 60(b). (Letter dated November 20, 2023 (Dkt. 24).) The court granted leave to file the motion, (*see* Min. Entry dated February 15, 2024), and the fully briefed motion was filed on March 18, 2024. (Mot.; Opp.)

## II. LEGAL STANDARD AND DISCUSSION

"A court may set aside any default that has entered for good cause shown, and if a judgment has entered on the default, the court is authorized to set the judgment aside in accordance with the provisions of Rule 60(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citing Fed. R. Civ. P. 55(c)). "As there is a final default judgment in this case, this Court only can set aside

---

[1] As discussed in the R&R, Plaintiff preserved its right to seek a deficiency judgment against Defendant Sabbagh as guarantor. (R&R at 8.)

2

the default judgment pursuant to Rule 60(b)." *Aquapan v. Sunshine 39 Windows & Glass, Inc.*, No. 19-CV-06446 (DLI) (RML), 2022 WL 843731, at *1 (E.D.N.Y. Mar. 22, 2022).

The decision on whether to vacate a default judgment is "addressed to the sound discretion of the district court." *Green*, 420 F.3d at 104.[2] The burden is on the party seeking relief from judgment. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). However, given this Circuit's "strong preference for resolving disputes on the merits . . . in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *Green*, 420 F.3d at 104.

The district court is guided by three factors when deciding a motion to vacate a default judgment under Rule 60(b): "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). These are the same factors courts consider on a motion to set aside an entry of default under Rule 55(c), but "courts apply the factors more rigorously in the case of a [final] default judgment[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

The court also considers "relevant equitable factors," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d. at 96. A defendant's failure to meet one of the three factors will generally not defeat a motion to vacate default if the other factors weigh in favor of setting aside the default. *Strulowitz v. Flavor Boutique*

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

3

*796 Inc.*, No. 18-CV-8382 (AJN), 2020 WL 2749564, at *2 (S.D.N.Y. May 26, 2020).

In considering these factors, the court finds that vacatur is warranted under Rules 55(c) and 60(b).

### A. Willfulness

Willfulness in terms of a default refers "to conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). However, "a finding of bad faith is not a necessary predicate to concluding that a defendant acted willfully." *Leger v. Navila Asset Mgmt. Inc.*, No. 20-CV-3820 (EK) (RML), 2023 WL 2352843, at *1 (E.D.N.Y. Feb. 6, 2023), *report and recommendation adopted*, No. 20-CV-3820 (EK) (RML), 2023 WL 2349581 (E.D.N.Y. Mar. 3, 2023) (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998)). Instead, to find that a default was willful, "it is sufficient to conclude that the defendant defaulted deliberately." *Bricklayers*, 779 F.3d at 187.

Here, Defendants primarily argue that their failure to respond to the complaint resulted from a family member's illness and their devotion of time to caring for that family member. (Mot. at 3.) Specifically, Defendant Sabbagh swears in a declaration attached to the Motion to Vacate that upon his son's diagnosis with cancer in September 2022, through April 2023, he devoted himself fully to his son's care and treatment. (*See* Sabbagh Decl. (Dkt. 33-11) ¶ 4.) Defendant Sabbagh states that his son was "fighting for his life" and that, as his father, he provided "continuous, around-the-clock care," (*id.* ¶¶ 4-5), and he provides documentation as to his son's illness and the Defendant's presence at treatment sessions. (*Id.* at ECF 5-11.) He states that tending to his son's medical illness prevented him from responding to the complaint on behalf of himself as well as the Defendant LLC, of which he is the sole

4

member. (*Id.* ¶ 6; Mot. at 3.) Caring for one's family is often found sufficient to demonstrate that default was not willful. *See HICA Educ. Loan Corp. v. Feintuch*, No. 12-CV-5243 (ADS), 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013); *Murray Engineering, P.C. v. Windermere Properties LLC*, No. 12-CV-0052 (JPO), 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013).

As the litigation continued past the period in which his son underwent treatment, however, Defendant Sabbagh's failure to respond became less excusable. The court granted the motion for default judgment on October 30, 2023, almost seven months after the treatment of Plaintiff's son ended, according to the timeline provided by Defendant Sabbagh. (Sabbagh Decl. ¶ 4 (noting that Sabbagh was devoted to his son's care between September 2022 and April 2023).) During this time, Plaintiff provided certified service of the motion for default judgment in June 2023 (Dkt. 16), and the R&R in September 2023 (Dkt. 18).) This length of time would generally support a finding of willfulness. However, the court notes that the Defendants appeared in this action within weeks of this court entering final default judgment and appointing the receiver, which may indicate that once the consequences of not responding became fully apparent, they promptly appeared. In addition, Plaintiff has not pointed to any other indicators of bad faith beyond delay, nor have they identified any advantages that the delay created.

Ultimately, the need to care for a son, which occurred when the litigation commenced, provides a concrete reason why Mr. Sabbagh did not answer the complaint. And although the delay extended past the period in which Mr. Sabbagh's son was in treatment, it is difficult for the court to determine at which point this serious illness no longer provided a justifiable excuse for failure to respond, and at what point his failure to appear became willful. The court is especially cautious of drawing a bright line to say that the length of delay here demonstrates willfulness in the

5

absence of other evidence of bad faith. Thus, construing the facts in favor of the defaulting party, the court finds this factor neutral. It will therefore determine whether to vacate based on the remaining two factors.[3]

### B. Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) (Summary Order) (citing *Enron Oil Corp.*, 10 F.3d at 96).

Defendants argue that they have a meritorious response based on Plaintiff's failure to provide notice of the foreclosure action to tenants at the Property. Under New York Real Property Actions and Proceedings Law ("RPAPL") § 1303, any party seeking to foreclose on a mortgage encumbering "residential real property"

---

[3] Defendants raise additional arguments on this issue, but these provide little support that default was not willful. They first suggest that service was improper, stating that the address for Defendant 1738 East 4th Street LLC was incorrect which would justify the non-response. (Mot. at 5; Sabbagh Decl. ¶ 8.) But the address where the pleadings were mailed is the address listed in the loan documents and on the website of the Secretary of State. (*See* Opp. at 2.) The court thus finds that service on Defendant LLC was proper and does not support vacatur. *77 Charters, Inc. v. SYC Realty LLC*, No. 2010-CV-01681 (SLT) (MDG), 2012 WL 1077706, at *6 (E.D.N.Y. Feb. 27, 2012), *report and recommendation adopted*, No. 10-CV-1681 (SLT) (MDG), 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012). Defendants also suggest that service on Defendant Sabbagh was improper because service was left with a "John Doe" of suitable age and discretion, which counsel suggests calls into question the "veracity" of the statements in the affidavit of service. (Mot. at 5.) But Mr. Sabbagh does not expressly state that he did not receive service nor otherwise argue that he was unaware of the litigation. (*See generally* Sabbagh Decl.) The court thus finds the affidavit to be credible and that service was proper.

must provide notice to "any tenant of a dwelling unit." RPAPL §§ 1303(1), 1303(5). This requirement applies "without regard to the size or occupancy of the dwelling." *650 Brooklyn LLC v. Hunte*, 3 N.Y.S.3d 909, 917 (N.Y. Sup. Ct. 2015). Such notice is a "condition precedent to maintenance of a foreclosure action," the purpose of which is to protect "tenants who may not be aware of their rights or even of the pendency of the action." *Plenitude Cap. LLC v. Utica Ventures, LLC*, No. 18-CV-2702 (MKB) (RER), 2019 WL 4014840, at *4 (E.D.N.Y. June 11, 2019), *report and recommendation adopted*, No. 18-CV-2702 (MKB) (RER), 2019 WL 3543610 (E.D.N.Y. Aug. 5, 2019).

"A foreclosing mortgagee that does not clearly establish compliance with RPAPL's notice requirements," including those set forth under Section 1303, "fails to meet its prima facie burden of establishing its entitlement to judgment as a matter of law." *United States v. Starr*, No. 16-CV-1431 (NSR), 2017 WL 4402573, at *4 (S.D.N.Y. Sept. 29, 2017). As Judge Reyes has noted when reviewing this notice requirement, "New York authority is clear that notice is an indispensable element of a prima facie case, such that a plaintiff bears the burden of establishing that notice was properly effectuated." *Plenitude Cap. LLC*, 2019 WL 4014840, at *5 (citing *First Nat. Bank of Chicago v. Silver*, 899 N.Y.S.2d 256, 259, 261 (2d Dep't 2010) and *U.S. Bank Nat'l Ass'n v. Sims*, 79 N.Y.S.3d 207, 209 (2d Dep't 2018)). Thus, "it would be inappropriate to issue an order of foreclosure and sale where notice was deficient." *Id.*

Here, Defendants state that tenants did not receive or see the notice that was required under RPAPL § 1303(4). (Mot. at 6-9.) And they provide evidence to support this assertion in the form of affidavits from tenants who state they did not receive service or notice, (Dkts. 33-12 to 33-16.) Plaintiff also implicitly conceded the issue by attempting to cure the deficiency in notice

after Defendants requested a pre-motion conference in anticipation of filing the present motion. (Mot. at 8; *see also* Ex. A to Opp. (Dkt. 34) at ECF 15 (noting that notice was posted on the door on December 5, 2023).) While notice may have subsequently been given in December 2023, this would still be untimely under New York law which requires notice to tenants within "ten days of the service of the summons and complaint." RPAPL § 1303(4).

Defendants have thus presented credible evidence of facts that would constitute a complete defense and this factor weighs in their favor. *See State Farm*, 409 F. App'x at 456.

### C. Prejudice

"[D]elay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. And neither do "costs incurred with respect to countering a defendant's motion." *OneWest Bank, N.A. v. Ruiz*, No. 14-CV-3207 (RRM) (RLM), 2018 WL 1318983, at *3 (E.D.N.Y. Mar. 13, 2018). Instead, a plaintiff opposing a motion to vacate a default must generally show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.*

Here, Plaintiff has not shown that vacating the default judgment would be prejudicial. Plaintiff cites delay and costs associated with delaying the final judgment, (Opp. at 7), but this is not sufficient. *OneWest*, 2018 WL 1318983, at *3. The lack of prejudice to Plaintiff is further supported by the receiver's appointment, who will safeguard the property during the pendency of the litigation. Defendants concede that the order appointing the receiver will remain in "full force and effect" even if default judgment was vacated. (Mot. at 6.)

Plaintiff argues that they are prejudiced by the inability to collect on their collateral and an increased likelihood that extended litigation will lead to an inability to collect on this collateral. Even if the action is delayed by the resetting of the lawsuit, Defendants'

obligations will continue to accrue at the higher default rate. (*See* Note (Dkt. 1-4) § 5(b).) And Plaintiff has not provided any evidence that that they will be unable recover on the full amount due through a foreclosure action and sale, even if delayed. (*See generally* Opp. at 7.), Further, the lender has preserved his right to pursue the debt through an action against Ellie Sabbagh as guarantor for any amounts due following foreclosure and sale. (*See* R&R at 8.) Thus, while there is always a risk that a delay will create changed circumstances that impact the value of the collateral, these risks are not concrete and are mitigated by the appointment of the receiver.

The court therefore finds that the prejudice factor weighs in favor of Defendants.

### D. Summary

The illness in Defendant's family is serious, but it is a close call as to whether it is sufficient to excuse the Defendant's failure to appear for nine months once the action was commenced. However, because there are no other indications of bad faith and because there is a preference for resolving issues on the merits in this Circuit, the court finds that while the first factor, willfulness, is neutral, the second and third factors, meritorious defense and prejudice, weigh in favor of granting Defendants' motion to vacate. In weighing these factors, the court finds that there is good cause to vacate the default judgment in this case.

## III. CONCLUSION

For the reasons discussed herein, the motion to vacate the final default judgment is GRANTED. The Clerk of the Court is respectfully directed to vacate the default judgment and reopen this case. Defendants shall file their answer within 21 days of the date of this order.

Plaintiff's motion for attorney fees, (Dkt. 25), incurred in relation to the discharge is DENIED as premature.

SO ORDERED.

Dated:   Brooklyn, New York
         April 12, 2024

                                   s/Nicholas G. Garaufis
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge